UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL WILLIAMS,<br><br>              Plaintiff,<br><br>       v.<br><br>MARK LaCOURSIER, et al.,<br><br>              Defendants. | No.  2:24-cv-0394 DJC DB P<br><br>ORDER |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court are plaintiff's complaint for screening and plaintiff's motion to proceed in forma pauperis ("IFP").  For the reasons set forth below, this court grants plaintiff's motion to proceed in forma pauperis, finds plaintiff states no cognizable claims for relief, and grants plaintiff leave to file an amended complaint

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

1

forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §1915(b)(2).

## SCREENING

**I. Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Franklin, 745 F.2d at 1227.  Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

**II. Analysis**

**A. Plaintiff's Allegations**

Plaintiff is incarcerated at the California Health Care Facility ("CHCF"). He complains of conduct that occurred there in 2021. Plaintiff identifies the following defendants: (1) Mark LaCoursier, CHCF-ISU Correctional Officer; (2) Ashad Ali, CHCF-ISU Correctional Officer; (3) Samer Hammoudeh, CHCF-ISU Correctional Sgt. (4) Brian Pinneo, CHCF-ISU Correctional Lt.; (5) Mort Geivett, Special Agent; (6) Justin Bolden, Office of Internal Affairs (OIA), Special Agent, Northern Region; (7) Stephen Cerda OIA, Senior Special Agent, Northern Region; (8) Mark Tigri, OIA, Special Agent In-Charge, Northern Region; and (9) Sheila DeJesus, CCII CHCF-Appeals Coordinator.

Plaintiff raises essentially three claims – that he was wrongly charged with narcotics crimes due to the retaliatory conduct of all defendants, that defendant DeJesus failed to process his staff complaint regarding the evidence supporting those charges, and that defendants Hammoudeh and Pinneo denied plaintiff access to "vital evidence" to prove ineffective assistance of counsel with respect to the crimes for which he is currently incarcerated.

1    With respect to plaintiff's first claim, he alleges the following.  Plaintiff was investigated for narcotics crimes that occurred on August 2, 2019 at CHCF.  As a result, charges were filed in the San Joaquin County Superior Court against plaintiff and others.  On August 24, 2021, the charges against plaintiff were dismissed.  Plaintiff contends that "[a]ll the defendants participated in retaliating against Plaintiff in their civil and chain conspiracy to have him convicted in 'court' of illegal narcotics allegations."  (ECF No. 1 at 7.)  Further, "they [ALL] personally failed and refused to prevent, discourage, and stop this retaliatory and illegal actions to Plaintiff with deliberate indifference allowing it to proceed into the Superior Court . . . for criminal prosecution."  (Id.)  Plaintiff also alleges that defendants' motive was to taint his prison record for his hearing before the Board of Parole Hearings.  (Id. at 8.)  Finally, plaintiff appears to contend defendants violated his constitutional rights by having him criminally charged rather than charged with rules violations.  (Id. at 12.)

Plaintiff's allegations regarding his first claim consist largely of disputing the evidence that he was involved in the narcotics crimes.  He describes specific conduct by some of the defendants regarding the narcotic charges.  Plaintiff alleges defendants Pinneo, Hammoudeh, LaCoursier, and Ali submitted "CDCR-1030 'Confidential Chrono' to the Board of Prison Hearings . . . after Plaintiff's . . . narcotic case charges were dismissed against him on [8/24/2021], falsely alleging that Plaintiff was in fact a party in the above narcotics crimes on [8/02/2019], to ensure that Plaintiff would be [Denied Parole]."  (ECF No. 1 at 10.)

With regard to his second claim, plaintiff alleges that after the criminal charges were dismissed, he filed a staff misconduct complaint against all defendants except defendant DeJesus.  Defendant DeJesus failed or refused to process the complaint in order to protect the other defendants from being exposed and investigated.  (ECF No. 1 at 7, 11.)

With regard to his third claim, plaintiff alleges that in November 2021, he formally submitted requests to defendants Hammoudeh and Pinneo for a recording or transcript of his legal conversations with his attorney.  Plaintiff contends that evidence was "vital" to prove his ineffective assistance of counsel claims against the attorney.  Both Hammoudeh and Pinneo refused to provide plaintiff with that evidence.  (ECF No. 1 at 10.)

4

Plaintiff contends that as a result of defendants' conduct, the Board of Prison Hearings denied him parole on October 27, 2021. (ECF No. 8.) In addition, plaintiff's prison and law enforcement records have been "defiled," he was slandered and stigmatized by allegations that he was a gang member, and he has suffered emotional distress and depression. (Id. at 12.)

### B. Does Plaintiff State any Claims for Relief?

#### 1. Claims for Retaliation

To state a claim that he has been subjected to retaliation in violation of his constitutional rights, plaintiff must allege facts showing the following: (1) a state actor took an adverse action against him (2) because of (3) his exercise of protected conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Plaintiff has the burden of showing that retaliation for the exercise of a protected right was the but-for factor behind the defendant's conduct. Hartman v. Moore, 547 U.S. 250, 258-60 (2006).

The first problem with plaintiff's retaliation claim is that he fails to identify specific conduct by defendants Geivett, Bolden, Cerda, or Tigri. Plaintiff's broad allegations that all defendants retaliated against him is not sufficient. Plaintiff must clearly identify each defendant and describe just what that defendant did.

With respect to all of his retaliation claims, plaintiff fails to show what "protected conduct" he engaged in. In other words, plaintiff does not show that he did something protected by the Constitution. Nor does plaintiff show that each defendant then took action against him because of plaintiff's conduct. Plaintiff's retaliation claims will be dismissed with leave to amend.

To the extent plaintiff is attempting to allege claims that defendants falsified evidence that resulted in the charges and/or the denial of parole, he has not done so. The only basis for those claims would be that plaintiff was denied due process in the criminal and parole proceedings. However, any claim regarding his criminal case is moot because the charges against plaintiff were dismissed. With respect to his parole hearing, plaintiff's claim as currently stated is foreclosed by

the Supreme Court's decision in Swarthout v. Cooke, 562 U.S. 216 (2011). In Swarthout, the Supreme Court held that the federal habeas court's inquiry into whether a prisoner who has been denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. (citing Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). Plaintiff does not contend he was denied these procedural due process guarantees.

While this court finds it unlikely plaintiff will be able to state a claim regarding the parole determination, he will be given the opportunity to do so in an amended complaint.

### 2. Claim for Failure to Process Staff Misconduct Complaint

Plaintiff's contention that DeJesus failed to process his staff misconduct complaint does not state a claim under §1983. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. It is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)); see also, e.g., Wright v. Shannon, No. Civ F-05-1485 LJO YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). Further, any complaint that defendants were not investigated does not alone state a claim under §1983 because plaintiff does not have a constitutional right to have staff reprimanded or punished for misconduct. See Pangborn CDCR, No. 2:22-cv-1985 TLN DB P, 2022 WL 16963922, at *3 (E.D. Cal. Nov. 16, 2022), rep. and reco. adopted, 2023 WL 1824560 (E.D. Cal. Feb. 8, 2023) (citing Blue v. Davis, No. C05-0315-TSZ-JPD, 2006 WL 1519287, at *3 (W.D. Wash. May 25, 2006)).

While this court finds it unlikely plaintiff can state a claim against DeJesus on this basis, he will be given an opportunity to amend his complaint to attempt to do so.

### 3. Failure to Provide Plaintiff with Evidence

Plaintiff's contention that defendants Hammoudeh and Pinneo violated his rights by refusing to provide him with recordings of his conversations with his attorney is essentially a

1 claim that those defendants interfered with plaintiff's access to the courts.  To state a claim for
2 denial of the First Amendment right of access to the courts, plaintiff must allege facts showing
3 that he suffered an "actual injury" as a result of the defendant's alleged actions, by explaining
4 how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous
5 legal claim.  Lewis v. Casey, 518 U.S. 343, 351-55 (1996).  The right of access to the courts
6 applies to nonfrivolous direct criminal appeals, habeas corpus proceedings, and civil rights
7 actions.  Id. at 353 n.3, 354-55.  Plaintiff does not show how the denial of the recordings affected
8 any state or federal proceedings challenging his attorney's conduct at trial.  Plaintiff will be given
9 an opportunity to amend his complaint to attempt to state a claim for violation of his right of
10 access to the courts.

## CONCLUSION

12 Above, this court finds plaintiff fails to state any claims for relief.  Plaintiff will be given
13 an opportunity to file an amended complaint.

14 In an amended complaint, plaintiff must address the problems with his complaint that are
15 explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each
16 defendant and the action that defendant took that violated plaintiff's constitutional rights.  The
17 court is not required to review exhibits or other filings to determine what plaintiff's charging
18 allegations are as to each named defendant.  Plaintiff must include ALL claims he wishes to
19 pursue in one amended complaint.

20 Plaintiff must identify as a defendant only persons who personally participated in a
21 substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d
22 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if
23 he does an act, participates in another's act or omits to perform an act he is legally required to do
24 that causes the alleged deprivation).  "Vague and conclusory allegations of official participation
25 in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.
26 1982) (citations omitted).

27 In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed.
28 R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed.

R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

Plaintiff may not bring claims against different defendants that are not related to each other. Fed. R. Civ. P. 20(a)(2). "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)). Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

The federal rules require a simple description of a party's claims. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, the original pleading is superseded. By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

For the foregoing reasons, and good cause appearing, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the California Department of Corrections filed concurrently herewith.
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend.
4. Plaintiff is granted sixty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice. The amended complaint must bear the docket number

assigned this case and must be labeled "First Amended Complaint." Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

5. The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated: April 19, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9/
DB prisoner inbox/civil rights/S/will0394.scrn LTA