1
2
3
4
5
6
7
8            UNITED STATES DISTRICT COURT
9          FOR THE EASTERN DISTRICT OF CALIFORNIA
10
11    DAVID EARL WILLIAMS,                    No.  2:24-cv-0394 DJC DB P
12                    Plaintiff,
13         v.                                 ORDER
14    MARK LaCOURSIER, et al.,
15                    Defendants.
16

17         Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C.

18    §1983.  Before the court is plaintiff's first amended complaint for screening.  For the reasons set

19    forth below, this court finds plaintiff states no cognizable claims for relief and grants plaintiff

20    leave to file a second amended complaint.

21                                    **SCREENING**

22    **I.        Legal Standards for §1983 Claims**

23         As described in this court's prior screening order, the court is required to screen

24    complaints brought by prisoners to determine whether they sufficiently state claims under 42

25    U.S.C. § 1983.  28 U.S.C. § 1915A(a).  The prisoner must plead an arguable legal and factual

26    basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28

27    (9th Cir. 1984).  In addition, the prisoner must demonstrate a link between the actions of each

28    defendant and the deprivation of his rights.  Monell v. Dept. of Social Servs., 436 U.S. 658

                                         1

1   (1978). "A person 'subjects' another to the deprivation of a constitutional right, within the

2   meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

3   omits to perform an act which he is legally required to do that causes the deprivation of which

4   complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

5   **II.      First Amended Complaint**

6          Plaintiff is an inmate at the California Health Care Facility.  In his original complaint,

7   plaintiff sought relief against nine defendants.  His allegations centered around some defendants'

8   referral of potential narcotics crimes for prosecution in state court.  This court found plaintiff

9   stated no claims for relief.  (ECF No. 6.)

10         In his first amended complaint, plaintiff limits his list of defendants.  Plaintiff now seeks

11  relief against four defendants:  (1) Mark LaCoursier, California Health Care Facility ("CHCF")-

12  Investigative Services Unit ("ISU") Correctional Officer; (2) Samer Hammoudeh, CHCF-ISU

13  Correctional Sgt. (3) Brian Pinneo, CHCF-ISU Correctional Lt.; and (4) Sheila DeJesus, CCII

14  CHCF-Appeals Coordinator.  (ECF No. 9.)

15         Plaintiff's allegations are largely the same as those in his original complaint.  Plaintiff's

16  primary contention is that defendants LaCoursier, Hammoudeh, and Pinneo engaged in a

17  conspiracy "in pure retaliation and reprisals" to have plaintiff wrongfully convicted in superior

18  court of drug crimes.  Plaintiff states these defendants took those actions to prejudice his parole

19  board hearing.  Later in his complaint, plaintiff contends defendants took those actions in

20  retaliation for plaintiff submitting a staff misconduct complaint against them.  (ECF No. 9 at 10.)

21  Much of plaintiff's complaint is an attempt to dispute the evidence that he was involved in

22  narcotics crimes.  (Id. at 4-8.)

23         Plaintiff further alleges defendants should have charged him with a rules violation rather

24  than referring the case to the superior court.  By failing to charge him, plaintiff claims defendants

25  denied him the right to defend himself.  (ECF No. 9 at 9.)

26         Plaintiff claims he has suffered a denial of parole, "stigma-plus-attachments as a prison

27  narcotics dealer and trafficker," slander, emotional distress, and depression.  (ECF No. 9 at 9.)

28  ////

Plaintiff also alleges that defendants Hammoudeh and Pinneo violated his right of access to the courts.  According to plaintiff, those defendants refused to provide him with a transcript or recording of a phone call he had with the attorney who represented him at the trial for his underlying conviction.  It appears that plaintiff is alleging his attorney said that "plaintiff was one of his victims."  Plaintiff intended to use that transcript to support a claim of ineffective assistance of counsel at the trial.  (ECF No. 9 at 10.)

Finally, plaintiff again alleges defendant DeJesus failed to process plaintiff's staff misconduct complaint against the other three defendants.  Plaintiff submitted the complaint regarding the defendants' "chain and civil conspiracy" to have plaintiff prosecuted in superior court for narcotics crimes.  (ECF No. 9 at 10.)

### III.    Discussion

Plaintiff again states no claims for relief cognizable under section 1983.  The problems with plaintiff's first amended complaint are almost identical to the problems in his original complaint that this court pointed out in the prior screening order.  This court will briefly re-state the legal standards for each claim plaintiff is attempting to allege and give plaintiff another opportunity to file an amended complaint.  Plaintiff must carefully review the legal standards to determine whether he can allege facts that, if proved, would show each defendant violated his constitutional rights.

#### A.    Retaliation

To state a claim that he has been subjected to retaliation in violation of his constitutional rights, plaintiff must allege facts showing the following:  (1) a state actor took an adverse action against him (2) because of (3) his exercise of protected conduct, and that such action (4) chilled his exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Plaintiff has the burden of showing that retaliation for the exercise of a protected right was the but-for factor behind the defendant's conduct.  Hartman v. Moore, 547 U.S. 250, 258-60 (2006).

////

3

Plaintiff claims defendants LaCoursier, Hammoudeh, and Pinneo were motivated by retaliation when they referred his case for prosecution in state court. However, plaintiff does not allege facts which would establish the elements of a retaliation claim. First, plaintiff fails to show he engaged in protected conduct. At one point in his complaint, plaintiff states that he was retaliated against for filing the staff misconduct complaint. However, plaintiff alleges the staff misconduct complaint was about the referral of plaintiff's case to state court. Therefore, it was filed after defendants took the allegedly retaliatory actions and it cannot form the basis for plaintiff's retaliation claim.

Plaintiff also fails to show any connection between something he did and defendants' referral of his case to state court. While this court finds it unlikely plaintiff will be able to state a retaliation claim based on the referral of the narcotics case to state court, plaintiff will be given an opportunity to attempt to do so again.

These same problems apply to plaintiff's argument that LaCoursier, Hammoudeh, and Pinneo's failure to charge him with a rules violation was retaliatory. Moreover, while plaintiff also contends that failure prevented him from defending himself, he does not explain why that is so. Plaintiff does not allege he was denied due process in the superior court proceedings and he was not convicted on the narcotics charges.

### B. Falsification of Evidence

To the extent plaintiff is attempting to allege claims that defendants falsified evidence that resulted in the criminal charges and/or the denial of parole, he has not done so. As explained in the prior screening order, the only basis for those claims would be that plaintiff was denied due process in the criminal and parole proceedings. However, any claim regarding his criminal case is moot because the charges against plaintiff were dismissed. And, as plaintiff was informed previously, the only claim he may raise here with respect to the denial of parole would be that he was denied an opportunity to be heard. Plaintiff does not make that allegation. Again, while this court finds it unlikely plaintiff can state a claim regarding the denial of parole, he will be given one more opportunity to do so.

////

4

1

**C.   Failure to Process Staff Misconduct Complaint**

As plaintiff was informed previously, he has no constitutional right to have an inmate grievance processed in a certain way or have staff punished for misconduct.  Plaintiff adds nothing to his claim against DeJesus besides what he alleged previously.  It does not appear plaintiff can allege any sort of claim against DeJesus based on these facts.

**D.   Failure to Provide Plaintiff with Evidence**

Plaintiff contends that defendants Hammoudeh and Pinneo violated his right of access to the courts by refusing to provide him with recordings of his conversations with his attorney.  Again, plaintiff fails to allege anything different from what he alleged previously.  As plaintiff was informed in the prior screening order, to state a claim for denial of the First Amendment right of access to the courts, plaintiff must allege facts showing that he suffered an "actual injury" as a result of the defendant's alleged actions, by explaining how the challenged official acts or omissions hindered plaintiff's efforts to pursue a nonfrivolous legal claim.  Lewis v. Casey, 518 U.S. 343, 351-55 (1996).  Plaintiff does not show how the denial of the recordings affected any state or federal proceedings challenging his attorney's conduct at trial.

**CONCLUSION**

Above, this court finds plaintiff fails to state any claims for relief.  Plaintiff will be given an opportunity to file another amended complaint.  Plaintiff is warned that this court finds it unlikely he will be able to state claims under section 1983 based on the facts he has alleged so far.  Plaintiff should carefully review the legal standards set out above and in the prior screening order and only allege facts that would, if proved, support a claim that defendants violated his constitutional rights under section 1983.  If plaintiff fails to state claims for relief in his second amended complaint, this court will recommend this action be dismissed.

In an amended complaint, plaintiff must address the problems with his complaint that are explained above.  Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated plaintiff's constitutional rights.  The court is not required to review exhibits or other filings to determine what plaintiff's charging

////

5

allegations are as to each named defendant.  Plaintiff must include ALL claims he wishes to pursue in one amended complaint.

Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  "Vague and conclusory allegations of official participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

Plaintiff may not bring claims against different defendants that are not related to each other.  Fed. R. Civ. P. 20(a)(2).  "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits."  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).  Simply alleging a "conspiracy" does not transform unrelated claims into related claims.

The federal rules require a simple description of a party's claims.  Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

An amended complaint must be complete in itself without reference to any prior pleading.  E.D. Cal. R. 220.  Once plaintiff files an amended complaint, the original pleading is superseded.  By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

For the foregoing reasons, IT IS HEREBY ORDERED as follows:

1.  Plaintiff's first amended complaint (ECF No. 9) is dismissed with leave to amend.

2.  Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure and the Local Rules of Practice.  The amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."  Failure to file an amended complaint in accordance with this order may result in a recommendation that this action be dismissed.

3.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint form used in this district.

Dated:  July 2, 2024

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB prisoner inbox/civil rights/S/will0394.FAC scrn LTA

7