UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID EARL WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MARK LaCOURSIER, et al.,<br><br>　　　　Defendants. | No.  2:24-cv-0394 DJC SCR P<br><br><br>FINDINGS AND RECOMMENDATIONS |

   Plaintiff, a state prisoner proceeding pro se, filed this civil rights action under 42 U.S.C. §1983.  Before the court is plaintiff's second amended complaint for screening.  For the reasons set forth below, the court finds plaintiff states a potentially cognizable due process claim against defendants but states no other claims under §1983.  The court recommends this case proceed solely on plaintiff's due process claims and that all remaining claims and defendants be dismissed without leave to amend.

**SCREENING**

**I.    Legal Standards for §1983 Claims**

   As described in the court's prior screening orders, the court is required to screen complaints brought by prisoners to determine whether they sufficiently state claims under 42 U.S.C. §1983.  28 U.S.C. §1915A(a).  The prisoner must plead an arguable legal and factual basis for each claim in order to survive dismissal.  Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1

Cir. 1984). In addition, the prisoner must demonstrate a link between the actions of each defendant and the deprivation of his rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978). Plaintiff may demonstrate that connection by alleging facts showing: (1) a defendant's "personal involvement in the constitutional deprivation," or (2) that a defendant set "in motion a series of acts by others" or "knowingly refus[ed] to terminate a series of acts by others, which [the defendant] knew or reasonably should have known would cause others to inflict a constitutional injury." Starr v. Baca, 652 F.3d 1202, 1207-08 (9th Cir. 2011) (internal quotation marks and citations omitted). A court shall dismiss a complaint if it "fails to state a claim upon which relief may be granted." 28 U.S.C. §1915A(b)(1).

## II. Plaintiff's Allegations

Plaintiff is an inmate at the California Health Care Facility. He contends defendants LaCoursier, Hammoudeh, and Pinneo provided false information to the district attorney, resulting in criminal charges. Plaintiff further contends defendants took these actions to damage plaintiff's chance of getting parole. Plaintiff no longer seeks relief against the other defendants identified in his original complaint. Therefore, the court considers those defendants to have been voluntarily dismissed from this action.

Plaintiff states a potentially cognizable claim that his due process rights were violated because he alleges he was criminally charged based on false information. Plaintiff has a "clearly established constitutional due process right not to be subjected to criminal charges on the basis of false evidence that was deliberately fabricated by the government." Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001); see also Caldwell v. City and Cnty. of S.F., 889 F.3d 1105, 1115 (9th Cir. 2018) ("[A] § 1983 plaintiff need not be convicted on the basis of the fabricated evidence to have suffered a deprivation of liberty—being criminally charged is enough.") (citing Devereaux, 263 F.3d at 1074-75)).

Plaintiff fails to state any other claims. Plaintiff again contends that defendants retaliated against him, intended to prejudice him at his parole hearing, and denied him access to the courts by depriving him of evidence. Plaintiff's allegations in the second amended complaint are essentially the same as those he made in the first amended complaint. On screening the first

amended complaint, the court found plaintiff failed to state potentially cognizable claims on any of these grounds. (ECF No. 10.) As it did on screening the original complaint, the court explained the relevant legal standard for a retaliation claim, the limited basis to challenge a parole hearing, and the standards for a claim for denial of access to the courts in violation of the First Amendment. Despite these instructions, plaintiff has again failed to allege facts supporting any of these claims. At this point, giving plaintiff any further opportunities to attempt to state claims on these bases would be futile.

Plaintiff attempts to state one new claim in his second amended complaint. Plaintiff contends that he was not given Miranda warnings and his Sixth Amendment rights were violated because he did not have counsel during interrogations conducted by defendants at the prison. (ECF No. 14 at 10.) Plaintiff cites both the Fifth and Sixth Amendments as the bases for his claim. The purpose of the right to counsel under Miranda is to protect a Fifth Amendment right, the right against self-incrimination. See United States v. Gouveia, 467 U.S. 180, 188 n. 5 ("[W]e have made clear that we required counsel in *Miranda* ... in order to protect the Fifth Amendment privilege against self-incrimination rather than to vindicate the Sixth Amendment right to counsel."). The Supreme Court recently held that a Miranda violation is not redressable in a suit for damages against a law-enforcement officer. Vega v. Tekoh, 597 U.S. 134, 141 (2022); see also Fosnight v. Jones, 41 F.4th 916, 920 (7th Cir. 2022) (no Miranda claim in Bivens action (citing Vega)); Young v. City of Menifee, No. EDCV 17-1630 (JGB)(SPX), 2023 WL 11053618, at *20 (C.D. Cal. Sept. 14, 2023) (no Miranda claim in section 1983 action (citing Vega)). Plaintiff cannot state a claim for a violation of his Miranda rights in this section 1983 action.

Plaintiff also fails to state a claim under the Sixth Amendment. Plaintiff describes the interrogation as occurring during defendants' questioning, which resulted in the referral for possible criminal prosecution. While plaintiff does include dates for the interrogation in his current complaint, he did so in his prior two complaints. Plaintiff specifically contended previously that these interrogations occurred "prior" to referral of his case for criminal prosecution. (ECF No. 1 at 12; ECF No. 9 at 9.) The Supreme Court "ha[s] long recognized that the right to counsel attaches only at or after the initiation of adversary judicial proceedings against

3

the defendant." Gouveia, 467 U.S. at 187. This is true even if the person being questioned is in prison based on a prior conviction at the time of questioning. See id. at 191-92. "[B]efore proceedings are initiated a suspect in a criminal investigation has no constitutional right to the assistance of counsel." Davis v. United States, 512 U.S. 452, 457 (1994).

## CONCLUSION

Above, this court finds plaintiff states one potentially cognizable claim that defendants violated his due process rights by providing the district attorney with false information as the basis for criminal charges. This court further finds plaintiff states no other claims for relief.

This is plaintiff's third complaint. Despite instructions for amending the complaint, including descriptions of the legal standards applicable to his asserted claims, plaintiff has not stated any other claims cognizable under Section 1983. The court previously found it unlikely plaintiff could state claims for relief based on the facts he has alleged. It would now be futile to permit plaintiff any further chances to attempt to state any claims besides his due process claim. See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)).

For the foregoing reasons, IT IS RECOMMENDED that:

1. This case proceed solely on plaintiff's claim that defendants LaCoursier, Hammoudeh, and Pinneo violated his due process rights when they provided false information as the basis for criminal charges.

2. Plaintiff's other claims and defendants be dismissed without leave to amend.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 10, 2025

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE